### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**TESSA FARMER,**

    **Plaintiff,**

    v.

**KANSAS STATE UNIVERSITY,**

    **Defendant.**

Case No. 16-CV-2256-JAR-GEB

### MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Kansas State University's ("KSU") Motion to Join an Additional Party Pursuant to Fed. R. Civ. P. 19(a)(2), or, in the Alternative, to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(7) and 19(b) (Doc. 16).  KSU seeks to have the student alleged to have sexually assaulted Plaintiff joined to this case, in which Plaintiff asserts Title IX, Kansas Consumer Protection Act ("KCPA"), and negligence claims.  The motion is fully briefed and the Court is prepared to rule.  For the reasons explained below, the Court denies KSU's motion for joinder.

### I.     Factual Allegations

The following allegations are taken from Plaintiff's Complaint.  On Friday, March 6, 2015, Plaintiff went with a group of friends to a KSU fraternity party, where members passed out margaritas and beer.  Another person at the party carried around a bag of wine and gave people, including Plaintiff, drinks directly from the bag's spout.  Plaintiff became very intoxicated.

At about 2:00 a.m., a designated driver took Plaintiff home.  Shortly thereafter, Plaintiff received a Facebook message from KSU student T.R., a member of the fraternity she had known since high school and had seen at the party.  T.R. told Plaintiff she should come to his fraternity house because they were "still turning up."  He was persistent, even offering to pick her up.

Plaintiff relented, and T.R. picked her up and brought her to the fraternity house.  T.R. and Plaintiff went to his room and had sex.  Sometime later, T.R. told Plaintiff he was going to start his car, presumably to take her home, and he left Plaintiff alone in the room.

While T.R. was gone, Tessa discovered a stranger had been hiding in the closet.  She later learned he was C.M., another KSU student.  C.M. admitted T.R. had made him go into the closet.  Plaintiff, inebriated and confused, fell face first onto a bed, where she blacked out.  C.M. pulled down Plaintiff's pants and penetrated her vaginally with his penis while pulling her hair and whispering in her ear.  Plaintiff regained consciousness and screamed into the mattress until he finished.  C.M. did not use a condom.  Plaintiff reported the rape on the following Monday or Tuesday.  She alleges that C.M. was sanctioned for alcohol use, but that KSU refused to investigate the rape.  Plaintiff alleges C.M.'s continued presence on campus has placed her in fear and that the sexual assault was so severe, pervasive, and offensive as to deny her access to the benefits and opportunities of an education at KSU.  Among other relief, Plaintiff seeks an injunction "ordering K-State to conduct an investigation and disciplinary proceedings into" Plaintiff's report of sexual assault.

## II.     Discussion

Fed. R. Civ. P. 19(a) provides, in relevant part:

(1) ***Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
. . .
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
(i) as a practical matter impair or impede the person's ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
(2) ***Joinder by Court Order.***  If a person has not been joined as required, the court must order that the person be made a party.  A person who refuses to join as a

   plaintiff may be made either a defendant or, in a proper case, an involuntary
   plaintiff.

Failure to join a necessary party is a defense under Fed. R. Civ. P. 12(b)(7).

   KSU argues that C.M. is a necessary party under both Fed. R. Civ. P. 19(a)(1)(B)(i) and 19(a)(1)(B)(ii).  KSU argues that disposition of this action without C.M. would violate his due process liberty and property interests, and would subject KSU to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.  Thus, KSU moves for joinder of C.M. as a party in this case, or for dismissal of the case pursuant to Fed. R. Civ. P. 12(b)(7).

   **A.** **Interests of Party to be Joined**

   Pursuant to Rule 19, a person who claims an interest in the litigation is a necessary party where disposing of the action in the person's absence would "as a practical matter impair or impede the person's ability to protect the interest."[1]  KSU argues that resolution of this action in the absence of C.M. would impede his ability to protect his interests.  KSU's argument rests on two fundamental assertions.  First, KSU claims that to recover on her Title IX, KCPA, and negligence claims, Plaintiff will have to prove that C.M. raped her.  Second, KSU asserts that because Plaintiff seeks injunctive relief ordering KSU to conduct "disciplinary proceedings," Plaintiff seeks an order compelling a pre-ordained finding by KSU that C.M. raped her.

   KSU further argues that because Plaintiff must prove in this action that C.M. raped her, and because the relief Plaintiff seeks would compel a finding by KSU to the same effect, resolution of this action without C.M. would impede C.M.'s due process interests.  KSU asserts that categorizing someone as a "sex offender" implicates a protected liberty interest where that

---

[1] Fed. R. Civ. P. 19(a)(1)(B)(i).

labeling is accompanied by a "plus" factor that will significantly alter the person's status.[2]  KSU further asserts that C.M. has a protected property interest in continued education, such that he cannot be expelled or dismissed without due process.[3]  Because KSU will be compelled to find C.M. a rapist in any forthcoming investigation and disciplinary proceedings, and because Plaintiff will likely be able to employ issue preclusion and use this Court's findings regarding C.M.'s liability for rape in those proceedings, KSU argues that resolution of this action in C.M.'s absence will impede his due process interests.

The Court first addresses the assertions that underlie KSU's arguments regarding the effects of this litigation on C.M.'s interests.  First, the Court is not persuaded that Plaintiff must prove C.M. raped her to recover on her Title IX claim.[4]  Certainly, to recover on her Title IX claim Plaintiff must prove KSU had actual knowledge of "harassment that is so severe, pervasive, and objectively offensive as to" deprive access to the educational benefits or opportunities provided by the school.[5]  But Title IX liability does not depend on Plaintiff proving—or the Court making a finding—that C.M. committed the sexual assault alleged in Plaintiff's Complaint.  While Plaintiff's case may involve evidence of C.M.'s involvement in the alleged sexual assault, her claim does not depend on this proof.  Instead, it depends on Plaintiff proving KSU was on notice of, and was deliberately indifferent to, sexual harassment that deprived her educational access.

---

[2]*See Gwinn v. Awmiller*, 354 F.3d 1211, 1216–17 (10th Cir. 2004) (holding that classification of prisoner, who had not committed sex offense, as sex offender and loss of opportunity to earn good time credits implicated a liberty interest).

[3]*See Brown v. Univ. of Kan.*, 16 F. Supp. 3d 1275, 1288 (D. Kan. 2014) (assuming due process-protected interest in continued education).

[4]As explained above, KSU also argues that Plaintiff will have to prove C.M. raped her to recover on her KCPA and negligence claims.  The Court has previously dismissed these claims.  Doc. 45.  Thus, the Court need not consider C.M.'s interests as to these claims.

[5]*Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1119 (10th Cir. 2008) (citing *Murrell v. Sch. Dist. No. 1, Denver, Colo.*, 186 F.3d 1238, 1246 (10th Cir. 1999)) (listing elements of a Title IX claim).

Second, the Court is not convinced that the relief Plaintiff seeks—injunctive relief ordering KSU to engage in "an investigation and disciplinary proceedings" in response to her report of sexual assault—mandates a pre-ordained finding by KSU in any such proceedings regarding C.M.'s liability. Nowhere in her Complaint does Plaintiff request that this Court simply order KSU to discipline C.M.[6] Indeed, such relief would be a non-starter.[7]

KSU refers to its Policy Prohibiting Discrimination, Harassment, Sexual Violence, and Procedure for Reviewing Complaints ("Policy").[8] KSU argues that under this Policy, the "disciplinary" step, referred to in the Policy as "Decision on Sanction if Violation Found," occurs only after a complaint of sexual violence has been reviewed and investigated, and a violation of the Policy has been found.[9] Thus, according to KSU, Plaintiff's request to order KSU to engage in "disciplinary proceedings" would require it to skip the investigatory and determinative steps, and proceed directly to imposing sanctions. Plaintiff's relief, however, does not appear to be framed in terms of the steps outlined in KSU's Policy. Although KSU interprets Plaintiff's request for "disciplinary proceedings" as synonymous with the "Decision on Sanction" step in the Policy, there is no indication in her Complaint that Plaintiff was referring to a particular step of the Policy, rather than referring to "disciplinary proceedings" generally. Plaintiff's response to KSU's motion also indicates that she does not seek to compel KSU to

---

[6]*See generally* Doc. 1. KSU suggests in its initial brief that Plaintiff seeks "an order directing that C.M. be investigated and disciplined by K-State." Doc. 17 at 5, 13. This assertion does not accurately reflect the relief sought. Plaintiff seeks injunctive relief ordering K-State to "conduct an investigation and disciplinary proceedings into Tessa's report of sexual assault." Doc. 1 at 23. In its Reply, KSU abandons the assertion that Plaintiff asks this Court to order KSU to discipline C.M., and correctly states that Plaintiff asks the Court to order KSU to conduct "disciplinary proceedings."

[7]*See Escue v. N. Okla. Coll.*, 450 F.3d 1146, 1155 (10th Cir. 2006) (citing *Theno v. Tonganoxie Unified Sch. Dist. No. 464*, 377 F. Supp. 2d 952, 965 (D. Kan. 2005)) ("School administrators need not 'engage in particular disciplinary action,' and '[v]ictims do not have a right to seek particular remedial demands.'").

[8]Doc. 37-1.

[9]*Id.* at 6.

5

carry out a particular step of its Policy.[10] Accordingly, the Court finds that Plaintiff's requested relief will not compel a pre-ordained finding by KSU against C.M.

Additionally, the Court is satisfied that Plaintiff will not be able to use any findings from this case on the issue of C.M.'s liability for sexual assault to a preclusive effect against C.M. in any investigations or proceedings conducted by KSU. Collateral estoppel, or issue preclusion, applies when: (1) the issue decided in the prior adjudication is identical to the one presented, (2) there was a final judgment on the merits, (3) the party to be bound was a party or in privity with a party to the prior case, and (4) the issue in the first case was competently, fully and fairly litigated.[11] A party invoking issue preclusion must show that all elements listed above are met.[12] Here, the party ostensibly to be bound, C.M., is not a party or in privity with a party in this case. Additionally, he will not have a full and fair opportunity to litigate his liability for the alleged sexual assault because he does not have an incentive to fully litigate his liability in this case, the issue of his liability is not necessary to the judgment here, and he is not a party to this action.[13] Accordingly, the Court finds that C.M.'s interests will not be impeded by issue preclusion as a result of litigating this case in his absence.

While the applicability of issue preclusion, or lack thereof, is certainly instructive in determining whether an absent person's interests will be impeded, it is not the sole determinative

---

[10]Doc. 30 at 7–9, 12 ("Plaintiff seeks as relief to have K-State investigate and initiate disciplinary proceedings against C.M., not an order requiring K-State to find C.M. responsible.").

[11]*Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *Moss v. Kopp*, 559 F.3d 1155, 1160–61 (10th Cir. 2009) (citing *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir. 1995)).

[12]*Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014).

[13]*See Taylor*, 553 U.S. at 892 ("A person who was not a party to a suit generally has not had a 'full and fair opportunity to litigate' the claims and issues settled in that suit."); *Stan Lee Media*, 774 F.3d at 1297 (citing *Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation*, 975 F.2d 683 (10th Cir. 1992)) (listing factors relevant to determination of whether party had full and fair opportunity to litigate, including whether the party had an incentive to litigate the issue fully, and whether the issue is "essential to the judgment").

factor.[14]  Even if adjudication of the case will not result in a preclusive effect in a "technical sense," an absent person may be necessary if the litigation will "as a practical matter" impede the person's ability to protect their interest.[15]  KSU argues that C.M.'s due process liberty and property interests will be practically impaired if he is not joined in this case.  KSU correctly argues that categorization of a person as a sex offender, without due process, may constitute "stigma plus" and result in deprivation of the person's liberty interest when combined with some other aggravating factor.[16]  But that concern is not implicated here, because C.M. will not be labeled a sex offender as a result of disposing of Plaintiff's Title IX claim.  This is not a case that will result in a trial concerning C.M.'s liability for sexual assault.  Furthermore, Plaintiff does not request relief in the form of a pre-ordained outcome of any resulting investigation into her report of rape.  Assuming, *arguendo*, the Court grants Plaintiff the relief she seeks and directs KSU to initiate investigatory and disciplinary proceedings in accordance with Title IX, C.M. will be afforded the opportunity to respond to any allegations of sexual assault through those proceedings.[17]  Thus, the Court finds that resolution of this case will not impede C.M.'s due process liberty and property interests.

---

[14]*See Schulman v. J.P. Morgan Inv. Mgmt., Inc.*, 35 F.3d 799, 806 (3d Cir. 1994) (explaining that impairment of an absent person's rights under Rule 19 "implicates principles of collateral estoppel or issue preclusion"); *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 407 (3d Cir. 1993) (finding that "to whatever extent [Rule 19]'s phrase 'as a practical matter impair or impede' has broader meaning than that given by principles of issue preclusion, we think the effect of the federal decision must be more direct and immediate than the effect a judgment" would have on the parties in that case); *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 670–71 (11th Cir. 1982) ("The fact that the judgment in this suit would have no legally preclusive effect as to [the absent person], however, does not end the analysis.").

[15]*Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 110–11 (1968) (explaining that a court may not "proceed without considering the potential effect on nonparties simply because they are not 'bound' in the technical sense"); *Challenge Homes,* 669 F.2d at 670–71 (summarizing cases in which courts found absent persons necessary under Rule 19(a) despite the lack of preclusion by res judicata or collateral estoppel); *Image Masters, Inc. v. Chase Home Fin.*, 489 B.R. 375, 398 (E.D. Pa. 2013) (finding that although there would be no preclusive effect, decision in trustee's favor would "directly and immediately affect" the absent homeowners' interests).

[16]*Gwinn v. Awmiller*, 354 F.3d 1211, 1216 (10th Cir. 2004).

[17]*See* Doc. 37-1 (outlining Policy and steps involved in reviewing complaints of sexual harassment, including providing the respondent of the complaint opportunities to respond).

KSU contends that Plaintiff will have to prove in this case that C.M. assaulted her, and that the relief she seeks amounts to a pre-ordained finding as to C.M.'s liability for the alleged assault. For the reasons outlined above, the Court finds that C.M.'s liability is not an issue to be proved in this case, and that the relief Plaintiff seeks does not include a pre-ordained finding in any subsequent KSU investigation. Additionally, the Court finds that Plaintiff will not be able to use the findings in this case to a preclusive effect against C.M. because he is not a party to this litigation and because he will not have a full and fair opportunity to litigate the issue of his liability in this case. Finally, the Court finds that resolution of this matter in C.M.'s absence will not impede his due process liberty and property interests. Accordingly, the Court concludes that disposing of this action in C.M.'s absence will not, as a practical matter, impair or impede his ability to protect his interests.

### B. Risk of Incurring Double, Multiple, or Inconsistent Obligations

KSU also argues that C.M.'s absence in this litigation will expose it to "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of" C.M.'s interests.[18] First, KSU reasserts that Plaintiff must prove in this case that C.M. raped her, and that she seeks an order amounting to a pre-ordained finding to the same effect in any subsequent investigatory and disciplinary proceedings. KSU argues that this is inconsistent with its obligation to ensure C.M.'s due process rights are protected in an administrative review of Plaintiff's report. According to KSU, C.M. could likely obtain an injunction ordering KSU to conduct a *de novo* review of his liability in any investigatory or disciplinary proceedings, while Plaintiff could employ issue preclusion and likely "obtain a ruling to enforce this Court's

---

[18]Fed. R. Civ. P. 19(a)(1)(B)(ii).

8

judgment against K-State by precluding it from reconsidering whether C.M. raped her."[19]  Thus, KSU maintains, it will be stuck between a rock and a hard place, forced to choose between disciplining C.M. without affording him due process or opening itself to litigation from Plaintiff for failure to enforce this Court's judgment.

The Court recognizes that KSU has an obligation to ensure that its students' due process rights are preserved in conducting investigatory and disciplinary proceedings pursuant to Title IX.  But the Court is not convinced that this obligation is inconsistent with adjudication of this case in C.M.'s absence.  The Court has found that C.M.'s liability is not an issue necessary to the resolution of this case, and that the relief Plaintiff seeks does not include a pre-ordained finding in any subsequent KSU investigation.[20]  Additionally, the Court has found that Plaintiff will be unable to use issue preclusion to force KSU to reach a particular conclusion in any Title IX investigation.[21]  Although a finding in Plaintiff's favor may result in an order directing KSU to perform investigatory and disciplinary proceedings, it will not result in relief that will in any way control the outcome of those proceedings.  Resolution of this case will not expose KSU to any obligation inconsistent with maintaining the due process rights of its students.

Second, KSU argues that "there is a real possibility that K-State may face an inconsistent judgment based on state law."  KSU focuses heavily on *Yeasin v. University of Kansas*, in which the Kansas Court of Appeals held that the University of Kansas did not have authority to expel a student under Title IX for sexual harassment that occurred online, off campus, and not within a University-sponsored program or activity.[22]  The *Yeasin* court found that to the extent Title IX

---

[19]Doc. 17 at 15–16; Doc. 37 at 18–19.

[20]*See supra* Part II.A.

[21]*Id.*

[22]360 P.3d 423, 432 (Kan. Ct. App. 2015); *see* Doc. 17 at 16–18; Doc. 37 at 19–21.

required the University to discipline off-campus conduct, jurisdiction for such discipline must emanate from the University's Student Code of Conduct.[23]  Because the court interpreted the Student Code to apply only to conduct that occurs on campus or at University-sponsored activities, the court found that the University did not have authority to discipline the student for the conduct in that case.[24]

KSU argues that it will encounter the same issue here if it investigates, and ultimately disciplines, C.M. for the alleged off-campus sexual assault.  KSU asserts that its Policy limits its investigatory authority to sexual misconduct that occurs "[1] on campus, [2] in the context of K-State-sponsored programs and activities wherever they occur, or [3] off-campus and outside the context of K-state sponsored programs and activities to the extent such 'occurrences relate to discrimination, harassment, or retaliation alleged on campus.'"[25]  KSU argues that because Plaintiff does not allege her sexual assault occurred within any of the three contexts listed above, KSU would be vulnerable to a suit similar to *Yeasin* if it investigated her report.  The Court, however, has found that Plaintiff has plausibly alleged sexual assault within a KSU program or activity, which is the second context listed in KSU's policy.[26]  Thus, the Court cannot find that there is a substantial risk that KSU would be open to the same sort of liability described in *Yeasin*, which was premised on an investigation into sexual harassment that occurred off campus and *not* within a program or activity of the University.[27]  Therefore, the Court finds that C.M. is not a necessary party based on Fed. R. Civ. P. 19(a)(1)(B)(ii).

---

[23]*Id.* at 430.

[24]*Id.*

[25]Doc. 17 at 17.

[26]Doc. 45.

[27]*Yeasin*, 360 P.3d at 432.

10

### III. Conclusion

Because the resolution of this action will not as a practical matter impair or impede C.M.'s ability to protect his interests, the Court finds that C.M. is not a person required to be joined under Fed. R. Civ. P. 19(a)(1)(B)(i). Additionally, the Court finds that C.M. is not a necessary party under Fed. R. Civ. P. 19(a)(1)(B)(ii) because disposing of this action in his absence will not subject KSU to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Because the Court finds that C.M. is not a required party under Rule 19, the Court does not address whether he must be joined or whether this case must be dismissed in his absence. Accordingly, the Court denies KSU's motion for joinder.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Kansas State University's Motion to Join an Additional Party Pursuant to Fed. R. Civ. P. 19(a)(2), or, in the Alternative, to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(7) and 19(b) (Doc. 16) is **denied**.

**IT IS SO ORDERED.**

Dated: March 13, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE