## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TESTA FARMER, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:16-cv-02256-JAR-GEB |
| | ) |
| KANSAS STATE UNIVERSITY, | ) |
| an agency of the State of Kansas, | ) |
| | ) |
|        Defendant. | ) |

### DEFENDANT'S ANSWER

Defendant Kansas State University ("K-State") answers Plaintiff's Complaint as follows:

### INTRODUCTION

1. K-State admits that Ms. Farmer purports to assert claims under Title IX. K-State denies the remaining allegations in paragraph 1.

2. Denied.

3. Denied.

4. Denied.

### JURISDICTION

5. K-State admits that Ms. Farmer's sole remaining Title IX claim arises under federal law and that she previously asserted claims under Kansas law that have now been dismissed for failure to state a claim. K-State denies that this Court has subject matter jurisdiction over Ms. Farmer's Title IX claim because the Eleventh Amendment and sovereign immunity bar such claims.

6. Denied. Ms. Farmer does not have any remaining state law claims.

7. Admitted.

## PARTIES

8. K-State admits that Ms. Farmer is a citizen and resident of the State of Kansas and the alleged misconduct she complains of allegedly occurred while she was a student at K-State. K-State denies the remaining allegations in paragraph 8.

9. K-State admits that its main campus is located in Manhattan, Kansas and that it receives federal financial assistance within the meaning of 20 U.S.C. § 1681(a).

10. K-State admits that it is a state institution subject to the Kansas Tort Claims Act. K-State denies the remaining allegations in paragraph 10.

## GENERAL ALLEGATIONS

**I.  A K-State Student Raped Tessa at a K-State Fraternity House**

11. K-State denies that it sponsored, approved, or sanctioned any "K-State fraternity party" on March 6, 2015. K-State is without sufficient information to form a belief about the truth of the remaining allegations in paragraph 11 and, therefore, denies them.

12. K-State admits that, as of March 6, 2015, T.R. was a K-State student. K-State is without sufficient information to form a belief about the truth of the remaining allegations in paragraph 12 and, therefore denies them.

13. K-State is without sufficient information to form a belief about the truth of the allegations in paragraph 13 and, therefore, denies them.

14. K-State is without sufficient information to form a belief about the truth of the allegations in paragraph 14 and, therefore, denies them.

15. K-State is without sufficient information to form a belief about the truth of the allegations in paragraph 15 and, therefore, denies them.

16. K-State admits that Ms. Farmer reported the alleged rape to the Riley County Police Department. K-State is without sufficient information to form a belief about the truth of the remaining allegations in paragraph 16 and, therefore, denies them.

## II.   K-State Refused to Investigate the Rape Committed By Its Student

17. K-State admits that Ms. Farmer visited CARE and met with Ms. Tripodi. K-State further admits that Ms. Farmer disclosed the allegation of rape to Ms. Tripodi. K-State denies the remaining allegations in paragraph 17.

18. Denied.

19. Denied.

20. K-State admits that paragraph 20 contains a quotation from a 2011 Dear Colleague Letter. K-State denies the remaining allegations in paragraph 20 and notes specifically that the Court has determined the Dear Colleague letters cited by Ms. Farmer lack the force of law and are not entitled to deference.

21. Denied.

22. K-State admits that Ms. Farmer—as an anonymous complainant—filed a complaint with the IFC on March 13, 2015. K-State admits further that a notification letter—addressed to the "anonymous complainant"—was sent from the IFC to a CARE advocate with the understanding it would be transmitted to the anonymous complainant. K-State

further admits that the letter stated the scope of the IFC judicial board's investigatory authority and concluded the chapter as a whole did not violate IFC policies. K-State denies the remaining allegations in paragraph 22.

23. K-State is without information sufficient to form a belief about the truth of the allegations contained in paragraph 23 and, therefore, denies them.

24. K-State is without information sufficient to form a belief about the truth of the allegations contained in paragraph 24 and, therefore, denies them.

25. Denied.

26. Denied.

27. K-State admits that it provides support and assistance services to all reported student victims of sexual assault and that such services are intended to assist the reported victim in continuing to access K-State's programs and activities. K-State denies the remaining allegations in paragraph 27.

28. K-State admits that Ms. Farmer filed a complaint with OIE on August 22, 2015 and copied Ms. Tripodi. K-State further admits that paragraph 28 quotes from Ms. Tripodi's reply email. K-State denies the remaining allegations in paragraph 28.

29. K-State admits that an OIE investigator contacted Ms. Farmer. K-State is without sufficient information to form a belief about the truth of the allegation regarding what Ms. Farmer asked the investigator and, therefore, denies this allegation. K-State denies the remaining allegations in paragraph 29.

30. K-State admits only that paragraph 30 quotes from a correspondence sent by Ms. Farmer to the OIE investigator. K-State denies the remaining allegations in paragraph 30.

31. Denied.

32. K-State admits that the OIE investigator posed a series of questions to Ms. Farmer and that paragraph 32 quotes from a portion of a written response Ms. Farmer provided.  K-State denies the remaining allegations in paragraph 32.

33. K-State admits that it asked Ms. Farmer whether she required assistance with accommodations related to her education.  K-State further admits that paragraph 33 quotes from a correspondence that Ms. Farmer sent in response to this and other questions.  K-State denies the remaining allegations in paragraph 33.

34. K-State admits that it asked Ms. Farmer about whether she felt "safe in [her] current walk/ride route to campus each day."  K-State further admits that paragraph 34 quotes a portion of a written response Ms. Farmer provided to K-State.  K-State denies the remaining allegations in paragraph 34.

35. K-State admits that it evaluated Ms. Farmer's complaint and concluded it did not allege the existence of sexual assault related to a K-State-sponsored program or activity and did not demonstrate a relationship to discrimination or harassment on campus.  K-State further admits that fraternity houses in Manhattan, Kansas are located off campus and are privately owned and operated.  K-State further admits that private fraternity houses are not, as a general matter, part of K-State's education programs and activities as contemplated by Title IX.  K-State denies the remaining allegations in paragraph 35.

36. K-State admits that paragraph 36 contains selected, but incomplete, quotations from K-State's policy PPM 3010, which defines sexual harassment for purposes of PPM 3010. K-State denies the remaining allegations in paragraph 36.

37. Denied.

38. K-State admits that it has investigated reports of sexual assault occurring off campus when those reports indicate misconduct within the scope of PPM 3010, the jurisdiction of which is specifically set forth in the policy itself and consistently applied by K-State. K-State further admits that other policies, such as PPM 3015, may apply in the case of certain off-campus conduct. K-State denies the remaining allegations in paragraph 38.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. K-State admits that it informed Ms. Farmer about the services available to her through "Wildcat Walks" and "SafeRide" and that it gave her the telephone number for campus police. K-State denies the remaining allegations in paragraph 43.

### III.    K-State Knew of the Danger Posed to Students in Fraternity Houses

Pursuant to its Order (Doc. 46) granting in part and denying in part K-State's Motion To Dismiss For Failure To State A Claim, this Court deemed Ms. Farmer to have abandoned her Title IX theory predicated on K-State's alleged deliberate indifference to prior reports of sexual assault and dismissed Ms. Farmer's KCPA and negligence claims. Therefore, a response to the various paragraphs in Section III relating to those claims is not required. To the extent a response is required, such response is set for the below.

44. Denied.

45. Denied.

46. K-State is without information sufficient to form a belief about the truth of the allegations contained in paragraph 46 and, therefore, denies them.

47. K-State is without information sufficient to form a belief about the truth of the allegations contained in paragraph 47 and, therefore, denies them.

48. K-State is without information sufficient to form a belief about the truth of the allegations contained in paragraph 48 and, therefore, denies them.

49. Denied.

50. Denied.

## IV. K-State's Misleading Representation of its Greek System

Pursuant to its Order (Doc. 53) granting in part and denying in part K-State's Motion To Dismiss For Failure To State A Claim, this Court deemed Ms. Farmer to have abandoned her Title IX theory predicated on K-State's alleged deliberate indifference to prior reports of sexual assault and dismissed Ms. Farmer's KCPA and negligence claims. Therefore, a response to the various paragraphs in Section IV relating to those claims is not required. To the extent a response is required, such response is set for the below.

51. K-State admits only that paragraph 51 quotes language from K-State's website. K-State denies the remaining allegations in paragraph 51.

52. Denied.

53. K-State admits that the office of Greek Affairs is located in the K-State Student Union, that several employees work in the office, and that the office provides certain services related to Greek affairs. K-State denies the remaining allegations in paragraph 53.

54. Denied.

55. Denied.

56. Denied.

## V.  K-State Failed to Regulate or Act to Make Fraternities Safe for Students

Pursuant to its Order (Doc. 46) granting in part and denying in part K-State's Motion To Dismiss For Failure To State A Claim, this Court deemed Ms. Farmer to have abandoned her Title IX theory predicated on K-State's alleged deliberate indifference to prior reports of sexual assault and dismissed Ms. Farmer's KCPA and negligence claims. Therefore, a response to the various paragraphs in Section V relating to those claims is not required. To the extent a response is required, such response is set for the below.

57. K-State admits that some fraternities are registered as student organizations. K-State denies the remaining allegations in paragraph 57.

58. K-State admits that its website contains an event registration form applicable to certain chapter events. K-State denies the remaining allegations in paragraph 58.

59. Denied.

60. K-State admits that the Fourth Amendment to the U.S. Constitution and other provisions of Federal and State law limit the ability of campus police to access off-campus, privately owned fraternity houses and that K-State campus police have greater ability to access K-State residence halls. K-State denies the remaining allegations in paragraph 60.

61. Denied.

62. K-State admits that its on-campus residence halls are staffed with resident assistants, community assistants, and residence life coordinators. K-State further admits that it previously, but no longer, used the title "door assistant." K-State denies the remaining allegations in paragraph 62.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

## VI. K-State's Egregious Conduct and Failures Severely Damaged Tessa

69. Denied.

70. K-State admits that Ms. Farmer filed a complaint with the Department of Education's Office for Civil Rights.  K-State denies the remaining allegations in paragraph 70.

71. Denied.

72. K-State denies that T.R. is the individual Ms. Farmer identified as her assailant.  K-State is without sufficient information to form a belief about the truth of the allegation in paragraph 72 relating to her alleged encounter with T.R.  K-State denies the remaining allegations in paragraph 72.

73. Denied.

**COUNT I**
**Violation of Title IX 20 U.S.C. § 1681(a)**
**Deliberate Indifference to Plaintiff's Report of Rape**

Pursuant to its Order (Doc.46) granting in part and denying in part K-State's Motion To Dismiss For Failure To State A Claim, this Court deemed Ms. Farmer to have abandoned her Title IX theory predicated on K-State's alleged deliberate indifference to prior reports of sexual assault.  Therefore, a response to the various paragraph in Count I relating to that abandoned theory is not required.  To the extent a response is required, such response is set for the below.

74. K-State reasserts and incorporates its responses to all preceding paragraphs of Ms. Farmer's complaint.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

## COUNT II
### Kansas Consumer Protection Act ("KCPA")
### Deceptive Acts and Practices in Violation of the Kansas Consumer Protection Act

Pursuant to its Order (Doc. 46) granting in part and denying in part K-State's Motion To Dismiss For Failure To State A Claim, this Court dismissed Count II for failure to state a claim and denied Ms. Farmer leave to amend. Therefore, a response to the component allegations of Count II is not required, and K-State reasserts its responses to all preceding allegations in the Complaint. To the extent a further response is required, K-State denies that it is liable for violation of the KCPA and denies all allegations contained under the "Count II" heading of Ms. Farmer's Complaint.

## COUNT III
### Negligence

Pursuant to its Order (Doc. 46) granting in part and denying in part K-State's Motion To Dismiss For Failure To State A Claim, this Court dismissed Count III for failure to state a claim and denied Ms. Farmer leave to amend. Therefore, a response to the component allegations of Count III is not required, and K-State reasserts its responses to all preceding allegations in the Complaint. To the extent a further response is required, K-State denies that it is liable for violation of the KCPA and denies all allegations contained under the "Count III" heading of Ms. Farmer's Complaint.

### **General Denial and Denial of Prayer For Relief**

K-State denies any and all further allegations not specifically addressed in its Answer and denies that Ms. Farmer states any valid claim against it. K-State denies that Ms. Farmer is entitled to any relief whatsoever and specifically denies that she is entitled to any of the forms of relief requested in the "Prayer for Relief" section of her Complaint.

### **Jury Demand**

K-State demands a trial by jury on all issues so triable.

**Affirmative Defenses**

1. Ms. Farmer's claim against K-State is barred by K-State's Eleventh Amendment immunity. K-State is an arm of the State of Kansas and does not consent to a suit for injunctive relief or money damages in federal court. Congress has not explicitly or validly waived K-State's Eleventh Amendment immunity.

2. Ms. Farmer's claim against K-State is barred by K-State's sovereign immunity reserved to the states and their arms by the U.S. Constitution. K-State is an arm of the State of Kansas and does not consent to a suit for injunctive relief or money damages in federal court. Congress has not explicitly or validly waived K-State's sovereign immunity.

3. To the extent Title IX allows Ms. Farmer to proceed solely on a theory that K-State's alleged deliberate indifference caused her to vulnerable to further harassment that never, in fact, occurred, Title IX exceeds the scope of Congress's power under the Fourteenth Amendment and fails to provide K-State with sufficient notice of this type of liability under the Spending Clause.

4. This Court lacks subject matter jurisdiction over Ms. Farmer's claim because she fails to allege a concrete injury in fact that is fairly traceable to K-State's actions. Her claim that K-State's alleged deliberate indifference put her at increased risk of sexual assault is speculative, non-justiciable, and fails to meet the Article III case and controversy requirement.

5. To the extent Ms. Farmer has incurred any recoverable damages, she has failed to mitigate those damages by, among other things, failing to pursue civil claims against the alleged perpetrators of the alleged sexual assaults, including a request for civil protective

orders, and ignoring offers from K-State for support and assistance services and/or failure to utilize those services. She has similarly failed to mitigate damages by failing to pursue civil claims against the fraternity where the alleged rapes occurred.

6. Ms. Farmer's Complaint fails to state a valid claim for violation of Title IX against K-State for the reasons stated in K-State's Motion To Dismiss For Failure To State A Claim and due to Ms. Farmer's failure to plead facts supporting a plausible inference that K-State was deliberately indifferent to any known sexual harassment.

7. To the extent the viability of Ms. Farmer's Title IX claim depends on any Dear Colleague Letter or other subregulatory guidance issued by a governmental agency, such letters and guidance are illegal and unenforceable insofar as they were not promulgated pursuant to notice and comment rulemaking and are contrary to the plain language of Title IX itself.

8. K-State reserves the right to assert additional affirmative defenses that may be developed through discovery in the case.

Date:  March 28, 2017        **HUSCH BLACKWELL LLP**

/s/ Derek T. Teeter
ALLAN V. HALLQUIST  D. KAN. NO. 78356
HAYLEY E. HANSON  KS BAR NO. 20087
DEREK T. TEETER  KS BAR NO. 23242
MICHAEL T. RAUPP  KS BAR NO. 25831
HUSCH BLACKWELL LLP
4801 Main, Suite 1000
Kansas City, Missouri  64112
(816) 983-8000
(816) 983-8080 (FAX)
allan.hallquist@huschblackwell.com
hayley.hanson@huschblackwell.com
derek.teeter@huschblackwell.com
michael.raupp@huschblackwell.com

***Attorneys for Defendant Kansas State University***

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2017, I filed the foregoing document via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

/s/ Derek T. Teeter
*Attorney for Defendant*